C. P. Harris, Adm'r, etc. *v.* Searcy Fed.
Savings & Loan Assn. et al

5-4044                                          408 S. W. 2d 602

Opinion delivered November 28, 1966

*W. J. Dungan,* for appellant.

*John D. Eldridge,* for appellee.

Hugh M. Bland, Justice. On January 6, 1961 Glenn
D. Harris deposited $5,000.00 with the Searcy Federal
Savings & Loan Association in a savings account which
was given Number 1982. This account continued in force
and operation under No. 1982 until the death of Glenn
D. Harris on April 1, 1965. During the continuance of
the account Glenn D. Harris enlarged the amount on de-
posit by adding the dividends as they accrued and mak-
ing new deposits of $1,850.00 on January 2, 1962 and
$1,500.00 on January 2, 1964. The last enlargement was
made by adding the accrued dividend on December 31,
1964 in the amount of $199.00. So the total balance in
the account amounted to $9,564.60. In opening the ac-
count he designated Geneva Jeffries, a niece, as joint
owner. Geneva Jeffries died on October 31, 1963 and thus

terminated the joint ownership of account No. 1982 and left Glenn D. Harris as the sole owner.

On January 2, 1964 the account was changed by Glenn D. Harris with a direction to pay the fund to "Glenn D. Harris or at death to Johnnie Chaney." On the death of Harris, April 1, 1965, the Probate Court of Woodruff County appointed C. P. Harris, his brother, as administrator of his estate on April 12, 1965. The administrator being unable to reach an agreement as to the ownership of the savings account, the probate court made an order directing him to make a demand on the Searcy Federal Savings and Loan Association for payment to him as administrator of the savings fund. This demand was made and resulted in the litigation here under review.

On January 4, 1966 the Searcy Federal Savings & Loan Association filed a bill of interpleader in the Chancery Court of Woodruff County, Arkansas and named C. P. Harris as administrator of the estate of Glenn D. Harris and Johnnie Chaney and Horace Chaney, Jr., as defendants. An amendment to the bill of interpleader was filed showing that Horace Chaney, Jr., was not in the designation and, hence, not a proper party defendant. Answer and cross complaint were filed by Johnnie Chaney and after that a motion for summary judgment. Cause was heard on April 20, 1966 and a decree was entered awarding the funds deposited in court by Searcy Federal Savings & Loan Association in the total sum of $9,975.40 to Johnnie Chaney.

Appellant brings appeal to this court and for reversal relies upon three points:

"Point 1. Act 343 of 1939 General Assembly of the State of Arkansas (Digested as 67-820 (b) of Arkansas Statutes (1947) Annotated) became an integral and non-severable part of the Contract and savings account, No. 1982, when made on January 6, 1961, and this continued, under the same number and record keeping, to the date of the death of Glenn D.

Harris on April 1, 1965. During this period of time the Searcy Federal Savings & Loan Association and Glen D. Harris, nor either of them, had the authority or power to deal with, or in any way alter, the contract and savings account, established on January 6, 1961, except as authorized and provided by Act 343 of 1939. * * *

Point 2.  Act 343 of 1939 General Assembly of Arkansas [67-820 (b) Arkansas Statutes (1947) Annotated] provides for and authorizes the making of contracts for savings accounts, and without this law the Searcy Federal Savings & Loan Association and Glenn D. Harris could not have made the contract and established the savings account number 1982 on January 6, 1961. This Act and law authorized the Searcy Federal Savings & Loan Association to make a contract with Glenn D. Harris individually or with Glenn D. Harris and a joint owner of the account. It did not authorize the Association to permit Glenn D. Harris to establish or to change the designation to 'Glenn D. Harris or at death Johnnie Chaney' as was attempted in this case. We will contend this designation to be ineffective and that the account was in the name of Glenn D. Harris only at his death on April 1, 1965.

Point 3.  The Chancellor committed error in decreeing: 'on January 2, 1964, the deceased, Glenn D. Harris being the holder of a savings account, number 1982, executed a new signature card directing that the account should be paid on death to Johnnie Chaney; that under Act 227 of 1963, which was in effect on January 2, 1964, upon the death of the said Glenn D. Harris title to the funds in said savings account vested in Johnnie Chaney, defendant herein, whom the court finds to be entitled to the proceeds deposited in the court by the Searcy Federal Savings & Loan Association.' "

We find no merit in any of these contentions.

In 1963 the Legislature passed an omnibus bill governing Federal and State Savings and Loan Associations. This became Act 227 of 1963 and is digested as Chapter 18 of Volume 6 of Arkansas Statutes (Repl. 1966) §§ 67-1801—1862. This Act became effective March 13, 1963. Section 38 of Act 227 (§ 67-1838), insofar as it relates to the facts in this proceeding, provides as follows:

"Section 38.   Savings accounts in the names of two or more persons. Savings accounts may be opened in any association or a Federal Association in the names of two or more persons, either minor or adult, or a combination of minor and adult, and such savings accounts may be held:

\*     \*     \*     \*

5.   If a person opening or holding a savings account shall execute and file with the Association a designation that on the death of the person named as holder, the account shall be paid to or held by another person or persons, the account, and any balance thereof which exists from time to time, shall be held as a payment on death account and unless otherwise agreed between the person or persons opening the account and the Association:

(a)   Upon the death of the holder of the account, the person or persons designated by him and who have survived him shall be the owners of the account (as joint tenants with right of survivorship if more than one) and any payment made by the Association to any of such persons shall be a complete discharge of the Association as to the amount paid:

(b)   The person to whom such account is issued may change during his lifetime the designation of any of the persons who are to be holders at his death, by a written direction accepted by the Association;

(c) The person to whom such account is issued may pledge; withdraw or receive payment and any such payment made by the Association shall be a complete discharge as to the amount paid.''

The real issue before us is whether the disposition of the funds on deposit with the Savings Association is governed by Act 343 of 1939, the statute in force when the account was established on January 6, 1961, or by Act 227 of 1963 which was enacted into law and signed by the Governor on March 13, 1963.

Appellant, in contending that Act 343 of 1939 governs this account, overlooks the fact that when Geneva Jeffries died in October, 1963, Glenn D. Harris became the sole owner of this account with the right to make any valid designation he desired. The character of the account had changed. Act 227 of 1963 became effective before the death of Geneva Jeffries. The signature card signed by the decedent on January 2, 1964 was a new contract between decedent and the Searcy Federal Savings & Loan Association and could not be affected by any provisions of Act 343 of 1939 because at that time this Act had been superseded by Act 227 of 1963. Section 64 of Act 227 of 1963 provides:

''Antecedent Legislation Repealed. Sections 1, 3, 4, 12, 16, 17, 18, 20, 22, 25, and 36 of Act No. 128 of 1929 and all other Acts of the General Assembly of the State of Arkansas and parts of Acts inconsistent with the provisions of this Act are hereby repealed.''

Finding no error, the decree of the chancery court is affirmed.