## Jarrett RASCOE and SEARCY FEDERAL SAVINGS & LOAN ASSOCIATION *v.* Joe RASCOE

78-306                                         576 S.W. 2d 892

Opinion delivered March 26, 1979
(Division II)

*Robert Edwards,* for appellants.

*Paul Petty,* by: *John Patterson,* for appellee.

FRANK HOLT, Justice. This appeal involves a certificate of deposit issued by appellant Searcy Federal Savings and Loan Association. Sid Rascoe, the brother of appellant Jarrett Rascoe and appellee Joe Rascoe, had four certificates with the Association. Two certificates were listed as "Sid Rascoe or Jarrett Rascoe," and one was listed "Sid Rascoe P.O.D. [pay on death] Jarrett Rascoe." The one involved in this litigation was listed on the books and records of the Association as "Sid Rascoe P.O.D. [pay on death] Jerry Rascoe." Upon Sid Rascoe's death in 1977, the Association paid the funds in all four certificates to appellant Jarrett

Rascoe. Appellee brought suit alleging that the certificate listing "P.O.D. [pay on death] Jerry Rascoe" should be paid to the estate of Sid Rascoe. It was stipulated that no Jerry Rascoe was known or had claimed the account. The court found that the requirements regarding the written execution of a "payable on death" card were not met so as to establish an account in favor of appellant Jarrett Rascoe. The funds were ordered paid to the estate and divided among the seven surviving brothers and sisters of Sid Rascoe. Appellants assert that the court erred in holding that Sid Rascoe did not establish an account payable upon his death to appellant Jarrett Rascoe.

The parties agree that Ark. Stat. Ann. § 67-1838 (5) (Repl. 1966), Act 227 of 1963, controls. That statute provides in pertinent part:

If a person opening or holding a savings account shall execute and file with the association a designation that on the death of the person named as holder, the account shall be paid to or held by another person or persons, the account, and any balance thereof which exists from time to time, shall be held as a payment on death account and unless otherwise agreed between the person or persons opening the account and the association:

(a) Upon the death of the holder of the account, the person or persons designated by him and who have survived him shall be the owners of the account (as joint tenants with right of survivorship if more than one) and any payment made by the association to any of such persons shall be a complete discharge of the association as to the amount paid;

(b) The person to whom such account is issued may change during his lifetime the designation of any of the persons who are to be holders at his death, by a written direction accepted by the association;

(c) The person to whom such account is issued may pledge, withdraw or receive payment and any such payment made by the association shall be a complete discharge as to the amount paid.

Appellants contend that Sid Rascoe had sufficiently complied with the statutory requirements to create an account payable to a Jerry Rascoe, had a Jerry Rascoe existed. They further assert that, when the testimony, facts and circumstances disclosed by the record are considered, the evidence is overwhelming that it was Sid Rascoe's intent that the account be payable to appellant Jarrett Rascoe. Appellee responds that there was no evidence showing substantial compliance with the statute and argues that we have held when a case is controlled by statute, as here, the intent of the depositor will not control.

The certificate of deposit involved herein was issued on July 1, 1974. The only document bearing the signature of Sid Rascoe was a signature card signed in 1959. The card was for an account which had originally been created as a joint account for Sid and Winifred Rascoe. Upon Winifred's death, Waynell Rascoe B...on was substituted as the beneficiary, and the signature card, as indicated, was signed and dated "9-30-59." The beneficiary was changed to Jerry Rascoe in May, 1963, by someone inserting "Jerry Rascoe" above that. The change was initialed by "B.S." (presumably an Association employee) and dated. It was not signed by Sid Rascoe. The certificate of deposit in question bears the account number 2D9-347. The signature card originally bore the number of 998, but that number was changed at some point to 347-1.6.

The card is reproduced below:

We hold there clearly was not substantial compliance with the recited statutory requirements. See *Cupp* v. *Pocahontas Federal Savings and Loan Ass'n,* 242 Ark. 566, 414 S.W. 2d 596 (1967); *Harris* v. *Searcy Fed. Savings & Loan Ass'n,* 241 Ark. 520, 408 S.W. 2d 602 (1966). Here at the time of issuance of the certificate of deposit in 1974, no signature card nor any type designation in writing was executed and filed by Sid Rascoe with the Association indicating that the account should be paid to another person.

Appellants further assert that it was clearly the intent of Sid Rascoe, as reflected by their evidence, that the account be payable at his death to appellant Jarrett Rascoe. Appellee contends that the owner's intent is not controlling here, and we agree. It is true that under Act 343 of 1939, the creation of an account payable on death did depend on the intent of the depositor. See *Cupp* v. *Pocahontas Federal Savings and Loan Ass'n, supra;* and *Park* v. *McClemons,* 231 Ark. 983, 334 S.W. 2d 709 (1960). However Act 227 of 1963 (Ark. Stat. Ann. § 67-1838 [Repl. 1966]) superseded Act 343 and established certain minimum formal action required to be taken by the depositor in order to create an account payable on death. In the absence of a depositor meeting the minimum statutory requirements, his intent is no longer controlling in the creation of an account. *Ratliff* v. *Ratliff,* 237 Ark. 191, 372 S.W. 2d 216 (1963).

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and PURTLE, JJ.