Lula Mae DIXON *v.* ARKANSAS STATE BANK

83-154                                                    655 S.W.2d 449

Supreme Court of Arkansas
Opinion delivered July 18, 1983

*Coffelt, Burrow & Sawyer,* by: *Stephen P. Sawyer,* for appellant.

*William R. Mayo,* for appellee.

GEORGE ROSE SMITH, Justice. On January 15, 1981, the appellant's late husband, Odell Dixon, executed a $26,000 promissory note to the appellee bank. To secure that note Odell assigned to the bank three certificates of deposit, issued by the bank to "Odell Dixon or Lula Mae Dixon or the survivor thereof" and payable to "either of them as joint tenants and not as tenants in common." On the preceding day Odell had assigned a similar certificate of deposit to the bank to secure another note, for $16,000. Lula Mae did not sign either note. The four certificates totaled $30,000.

Odell died on March 22, 1981. The bank then applied the money represented by the certificates to Odell's indebtedness. Lula Mae Dixon brought this action against the bank for conversion, on the theory that she and her husband owned the four certificates as tenants by the entirety and that upon his death she became the sole owner of the certificates, free of any lien created by Odell only. All the facts were stipulated. This appeal is from a judgment in favor of the bank.

The trial court correctly applied the statute governing such certificates of deposit. It first provides that when a certificate of deposit is payable in joint tenancy with right of survivorship, the issuing bank may pay the certificate to either of the persons during their lifetime. Ark. Stat. Ann. § 67-552 (a) (Repl. 1980). Subsection (d) then provides with respect to such a certificate that "a banking institution shall pay withdrawal requests, accept pledges of the same, and otherwise deal in any manner with the . . . certificate of deposit upon the direction of any one of the persons named therein, whether the other persons named in said . . . certificate of deposit be living or not." § 67-552 (d). Hence during Odell's lifetime he could have cashed the certificates under subsection (a) of the statute or have pledged them to the bank, as he did, under subsection (d). The legislature unquestionably has the power to modify the law with regard to tenancies by the entirety as far as subsequent transactions are concerned. *Brimson* v. *Brimson,* 227 Ark. 1045, 304 S.W.2d 935 (1957). Odell's pledge of the certificates to the

bank to secure his own debt was therefore valid and binding upon his widow.

Affirmed.