Norma Louise WEATHERSBEE *v.*
James R. WALLACE, Special Administrator of the
Estate of Malvin L. HAGLER, Deceased

CA 84-333                                    686 S.W.2d 447

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1985
[Rehearing denied May 1, 1985.]

*Homer Tanner,* for appellant.

*Harrold W. Madden,* for appellee.

JAMES R. COOPER, Judge. This case involves the ownership of certain funds which originally were the property of Malvin L. and Norma M. Hagler. These funds were placed in certificates of deposit which were to mature on October 13, 1982. Both certificates, aggregating $20,000.00, were issued in the names of Mr. and Mrs. Hagler. Both the Haglers were hospitalized prior to the maturity date, and Mrs. Hagler made plans to move to Florida with her daughter (Mr. Hagler's stepdaughter) so that her daughter, the appellant herein, could care for her. Mrs. Hagler apparently intended that the funds would be used to meet her needs if she moved to Florida.

The appellant attempted to redeem the certificates prior to their maturity date, but the bank refused, since she as not on the signature card. She subsequently obtained the signature cards and the Haglers signed them, authorizing the addition of the appellant's name as a payee on the certificates. The appellant then redeemed the certificates and deposited the funds in another bank in a joint checking account in her name and that of Mrs. Hagler, omitting Mr. Hagler as a payee. Mrs. Hagler died approximately six weeks after the appellant established the new account, never having been able to move to Florida.

When Mr. Hagler discovered that the certificates had been redeemed and the funds transferred, he filed suit seeking to enjoin the bank from paying the funds over to the appellant, and further seeking to restrain the appellant from attempting to withdraw the funds. The chancellor issued a temporary restraining order, and the matter proceeded to trial. The chancellor found that the appellant was authorized to renew the certificates; that the appellant, without Mr. Hagler's permission, withdrew the funds, redepositing them in an account which omitted him; that the funds withdrawn were for the upkeep and maintenance of Mrs. Hagler, if she moved to Florida; that Mrs. Hagler did not move to Florida; and that the funds in question were the sole property of Mr. Hagler. (Mr. Hagler has since died, and this appeal was revived in the name of his administrator.) From that decision, comes this appeal.

On appeal, the appellant first argues that the chancery court was without jurisdiction. The appellant raised this issue before the trial court, arguing, as she does here, that this suit is one for conversion, and not cognizable in equity. We disagree. Where the chancellor properly assumed jurisdiction to entertain a request for equitable relief, jurisdiction may be retained to adjudicate the legal issues involved. *Import Motors, Inc.* v. *Luker,* 268 Ark. 1045, 599 S.W.2d 398 (1980). Regardless of whether the appellee was entitled to bring an action at law for conversion, the mere existence of that right does not deprive the equity court of jurisdiction unless the legal remedy is clear, adequate, and complete. *Spears* v. *Rich,* 241 Ark. 15, 405 S.W.2d 929 (1966);

*McGehee* v. *Mid South Gas Co.*, 235 Ark. 50, 357 S.W.2d 282 (1962). Here, we cannot say that the chancellor erred in retaining jurisdiction.

Next, the appellant argues that the chancellor erred in granting the preliminary injunction while the case was pending. We disagree. We find no error or abuse of discretion in the issuance of the preliminary injunction which served to preserve the status quo until the ownership of the funds was established after trial, nor do we find that the chancellor erred in failing to require a bond as a prerequisite to the issuance of the injunction. As the appellant points out, the purpose of a bond is to indemnify the parties enjoined against damages occasioned by the wrongful issuance of the injunction. Rule 65(d) of the Arkansas Rules of Civil Procedure states, in part, that "[a]s a condition precedent to the issuance of a preliminary injunction or temporary restraining order, the Court may require the giving of security" in the amount deemed appropriate by the Court. Since no party enjoined has alleged, either at trial or before this Court, damages occasioned by the issuance of the injunction, we find no error in the chancellor's determination that a bond was not required.

Next, the appellant argues that the trial court should not have allowed a witness to testify. Judge Joel C. Cole was initially Mr. Hagler's attorney, and, after the initial hearing on the matter, prior to the issuance of the preliminary injunction, Judge Cole informed the court that he would withdraw from the case, because it had become apparent that he would have to testify. The appellant objected, alleging that since a major part of the case had been developed, it would be improper for Judge Cole to testify. Judge Cole responded that, because of statements made by the appellant, he would have to testify. We do not find that the chancellor erred in refusing to bar Judge Cole's testimony. The *Arkansas Code of Professional Responsibility*, 33 Ark. L. Rev. 605 (1980), adopted by the Arkansas Supreme Court in a *Per Curiam*, 260 Ark. 910 (June 21, 1976), provides in Disciplinary Rule 5-102 that where an attorney determines that it will be necessary that he testify, he must

withdraw from the conduct of the trial. That is exactly what Judge Cole did in the case at bar, and the question of whether he did so at the proper time is irrelevant to the outcome of this case for reasons which we will now explain. The appellant seems to claim that a violation of the Code of Professional Responsiblity (which we do not mean to imply occurred here) would render the attorney-witness incompetent, or would render his testimony inadmissible. We have not found, nor have we been cited, any case so holding, and the Arkansas Supreme Court, in *Montgomery* v. *First National Bank of Newport,* 246 Ark. 502, 439 S.W.2d 299 (1969) noted that no case in Arkansas had so held.

The main issue in the case at bar is who owned the funds, and who had the right to exercise control over them. The chancellor found that the funds were to be withdrawn from the certificates only for the upkeep of Mrs. Hagler, if she moved to Florida, and that the appellant had acknowledged to Judge Cole that she made no claim to the monies, which were to be used solely for Mrs. Hagler's benefit. We cannot say that these findings are clearly erroneous or against the preponderance of the evidence, and therefore we must affirm on this point. ARCP, Rule 52(a). Having so found, the chancellor was correct in determining that the funds, now converted to cash by virtue of the appellant's improper redemption of the certificates, are the property of Mr. Hagler. The certificates of deposit were established by the Haglers as joint accounts between husband and wife, and, as such, they were held as tenancies by the entirety. *Hall, Ex'r* v. *Hall,* 276 Ark. 43, 631 S.W.2d 838 (1982). Thus, but for the wrongful redemption by the appellant, the proceeds would have been the property of Mr. Hagler at the instant of his wife's death, since there was no designation in writing establishing a survivorship interest in the appellant as required by Ark. Stat. Ann. Section 67-552 (Repl. 1980). We disagree with the appellant's argument that no tenancy by the entirety was created because the certificates were issued in the names Malvin L. Hagler *or* Norma Hagler, rather than Malvin L. Hagler *and* Norma Hagler. An identical designation on a certificate of deposit was held to create such an account in *Hall, supra.* Further, the appellant errs in arguing that a designation in writing

was necessary to create a tenancy by the entirety between the Haglers. The appellant cites *Gibson* v. *Boling*, 274 Ark. 53, 622 S.W.2d 180 (1981) for this proposition, but the contesting parties in that case were not husband and wife, but sons and the father's estate. In *Hall, supra*, the Arkansas Supreme Court stated that no such written designation was required where the issuance was to husband and wife.

Finally, we consider the appellant's argument that the chancellor erred in failing to answer twenty-one (21) interrogatories propounded to the court by the appellant after the chancellor rendered his decision. The chancellor answered the interrogatories in writing, stating that the issues before the court were decided based on all the evidence and particularly on the credibility of the witnesses. The decree covers the factual decisions made by the chancellor which led him to the ultimate conclusion as to the ownership of the funds. One of the purposes of the ARCP, Rule 52(a) is to aid this Court in understanding the bases of the trial court's decision, and the rule does not require specific findings on each and every factual question arising in a lawsuit. As stated in *Golf City, Inc.* v. *Wilson Sporting Goods Co., Inc.*, 555 F.2d 426, 433 (5th Cir., 1977),

> Relating the degree-of-thoroughness question to the purposes of Rule 52(a), the findings of the trial court must be sufficiently detailed to give us a clear understanding of the analytical process by which ultimate findings were reached and to assure us that the trial court took care in ascertaining the facts.

We hold that the chancellor properly complied with the requirements of ARCP, Rule 52(a), and that he did not err in declining to answer the twenty-one (21) interrogatories propounded by the appellant. Even if the chancellor had erred in so refusing, in the case at bar no prejudice would have resulted as the findings made clearly enable us to understand the analytical processes by which the chancellor reached his decision.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.