Dorothy STEVENS *v.* A.C. BILLINGS, Jr., Administrator of the Estate of Ola Maie Pickens, Deceased

93-1372                                                    890 S.W.2d 609

Supreme Court of Arkansas
Opinion delivered January 17, 1995

*Jerry Ryan* and *James D. Stoker*, for appellant.

*Joe Hardegree*, for appellee.

ROBERT H. DUDLEY, Justice. This is another in the long series of cases in which a bank signature card is used as a substitute for a will. *See, e.g., Lovell* v. *Marianna Fed. Sav. & Loan Ass'n,* 264 Ark. 99, 568 S.W.2d 38 (1978). In this case W.C. Pickens and his wife, Ola Maie Pickens, opened a joint checking account in the Union Bank of Mena. The bank titled the account "Mr. or Mrs. W.C. Pickens," and the signature card reflected the authorized signatures of "W.C. Pickens" and "Mrs. W.C. Pickens." The account was opened in 1958, and at that time the statute in effect provided in pertinent part:

> When a deposit shall have been made by any person in the name of such depositor and another person and in form to be paid to either, or to the survivor of them, such deposit . . . shall become the property of such persons as joint tenants. . . .

Ark. Stat. Ann. § 67-521 (Repl. 1957).

Seven years later the "will substitute" statute, Act 78 of 1965, was enacted. It provided that checking or savings accounts could be opened by a bank "with the names of two (2) or more persons." It further provided:

> If the person opening such account . . . *designates in writing* to the banking institution that the account . . . is to be held in . . . "joint tenancy with right of survivorship," . . . then such account . . . shall be the property of such per-

sons as joint tenants with the right of survivorship. . . .

Ark. Stat. Ann. 67-552 (Repl. 1980) (emphasis added).

On November 1, 1973, eight years after the will substitute statute was enacted, the Pickenses executed a new signature card that reflected the authorized signatures of "W.C. Pickens," "Mrs. W.C. Pickens," and "Ola Maie Pickens (Mrs.) Same." The top line of the signature card provides: "No. of signatures required 1." The back of the card provides that the depositors owned the account as "joint tenants with right of survivorship and not as tenants in common" and that the account was payable to either of the depositors or to the survivor. Underneath that provision there are three signatures: "W.C. Pickens," "Mrs. W.C. Pickens," and "Ola Maie Pickens." With this card and their signatures, the Pickenses created a joint tenancy with right of survivorship in the account.

Another part of Act 78 of 1965 that was in effect when the new card was executed provided that accounts held in joint tenancy "may be paid to . . . any one (1) of such persons [joint tenants] during their lifetime." Ark. Stat. Ann. 67-552(a) (Repl. 1980). The Act also provided:

> If an account is opened . . . in the name of two (2) or more persons, . . . a banking institution shall pay withdrawal requests, accept pledges of the same, *and otherwise deal in any manner with the account . . . upon the direction of any one (1) of the persons named therein . . . unless one (1) of such persons named therein shall by written instructions delivered to the banking institution designate that the signature of more than one (1) person shall be required to deal with such account. . . .*

Ark. Stat. Ann. § 67-552(d) (Repl. 1980) (emphasis added). Neither of the Pickenses ever instructed the bank that more than one person was required to deal with the account.

On January 8, 1981, Ola Maie Pickens went to the bank to add the name of Dorothy Stevens to the account. A bank official used a form account agreement and typed the name of "W.C. Pickens or Ola Maie Pickens or Dorothy Stevens" as the title of the account. The account agreement provides that it is a "Joint Account-With Survivorship." Both Ola Maie Pickens and Dorothy

Stevens signed the agreement. W.C. Pickens did not sign the account agreement. There were no subsequent changes in the account agreement.

W.C. Pickens died in 1985, and Ola Maie Pickens died in 1992. Dorothy Stevens survives. The administrator of the estate of Ola Maie Pickens filed this suit against Dorothy Stevens and the bank and asked the chancery court to declare that the estate was the owner of the account. The basis of the estate's claim is that W.C. Pickens did not sign the 1981 account agreement. Dorothy Stevens answered and asked that she be declared the owner of the deposit. Both sides agreed there were no genuine issues of material fact, and both sides moved for summary judgment. The chancellor declared that the estate of Ola Maie Pickens was the owner of the account. We reverse.

In 1973, the Pickenses changed the account to expressly create a joint tenancy with a right of survivorship. The law in effect at the time of the change governs. *Harris* v. *Searcy Fed. Sav. & Loan Ass'n*, 241 Ark. 520, 408 S.W.2d 602 (1966). The law in effect at the time of the change provided that a banking institution should pay withdrawal requests, accept pledges of deposit, or otherwise deal in any manner with the account *upon the direction of any one of the persons named as a joint tenant* unless instructed otherwise in writing. In 1981, Ola Maie Pickens was one of the persons named as a joint tenant, and she directed the bank, in writing, to add the name of Dorothy Stevens to the joint account. W.C. Pickens never directed that more than one signature be required to deal with the account. Thus, under the plain language of the statute, Ola Maie Pickens's act was valid and is binding on her estate.

In a comparable case we held that where one joint tenant pledged a bank account to secure his note to the bank, such act was a valid pledge and therefore binding on the other tenant who did not sign the note. *Dixon* v. *Arkansas State Bank*, 280 Ark. 165, 655 S.W.2d 449 (1983).

The estate of Ola Maie Pickens, in arguing that the act of Ola Maie Pickens was invalid, asks us to extend the holdings of two of our cases, *Jones* v. *Robinson*, 297 Ark. 580, 764 S.W.2d 610 (1989) and *Hall* v. *Hall*, 276 Ark. 43, 631 S.W.2d 838 (1982). We decline to so do.

In *Jones*, a husband and wife initially opened a joint account with right of survivorship. The husband died, and the wife became the sole owner of the account. While the wife was the sole owner of the account, a niece signed the authorized signature card. After the wife's death, the niece contended that she owned the account. The wife, who was the owner of the account, never authorized in writing the niece becoming a joint tenant. She never executed a substitute will. We held that the niece was not a joint tenant with the wife. In the case at bar, one of the established joint tenants authorized in writing the addition of Stevens to the account, and the governing statute expressly authorizes the account to be changed on the direction in writing of any one of the established joint tenants.

In *Hall*, the bank was instructed in writing to issue a certificate of deposit in the name of two persons. Later, one joint tenant went to the bank and orally requested a bank official to alter the account so that the name of the other joint tenant was removed. We wrote: "The trial court was right in holding that the alteration of the certificate of deposit was contrary to law. Ark. Stat. Ann. § 67-552(g) requires that in order to change the designee of an account there must be written directions accepted by the banking institution." *Id.* at 45, 631 S.W.2d at 840. In the case at bar, Ola Maie Pickens authorized in writing the addition of the name of Dorothy Stevens to the account.

In both *Jones* and *Hall*, the owner or owners of the accounts did not make a designation in writing. Thus, there was no compliance with the substitute will statute. In the case at bar, one of the established joint tenants authorized in writing the addition of a third joint tenant as authorized by the will substitute statute. Consequently, we will not extend those holdings to the case at bar.

Reversed and remanded for proceedings consistent with this opinion.