2010 Ark. App. 849

Johnny PRUITT and Toni Pruitt, Appellants

v.

DICKERSON EXCAVATION, INC., Appellee.

No. CA 10–355.

Court of Appeals of Arkansas.

Dec. 15, 2010.

William P. Walters, Walters and Gaston, Greenwood, for appellant.

R. Chris Parks and Victor L. Crowell, Ledbetter, Cogbill, Arnold & Harrison, LLP, Fort Smith, for appellee.

JOHN B. ROBBINS, Judge.

Appellants Johnny and Toni Pruitt appeal from an order entered by the Franklin County Circuit Court ruling that appellee Dickerson Excavation, Inc., was entitled to a materialmen's lien and a judgment in the amount of $30,000. On appeal, appellants argue that the circuit court erred in (1) refusing to make additional findings of fact and conclusions of law; (2) allowing parol evidence to be introduced to vary the terms of a contract; (3) failing to find that appellee had waived its lien; (4) awarding damages to appellee; (5) failing to find that appellee's claim was barred by the doctrine of ac-

cord and satisfaction; and (6) granting summary judgment to appellee on appellants' slander-of-title claim. We affirm in part and reverse and remand in part.

Appellants are the owners of real property located in Franklin County. In late 2006, appellants decided to enter the poultry business. They obtained a bid from appellee, dated February 8, 2007, to build pads for four turkey houses for $30,000. Appellants, appellee, and Farm Credit Services of Western Arkansas, as the lender, entered into an agreement, dated April 17, 2007, for construction of the pads. The agreement called for payment of $15,000 upon completion of two pads, with the balance payable upon completion of the other two pads.

Work on the project commenced on March 8, 2007. The pads were built parallel to each other, with the two middle pads completed at the end of May 2007. Appellee executed a "Waiver of Lien to Date" on June 14, 2007, and was paid $15,000.

At some point after the completion of the first two pads, appellee encountered rock that either needed to be removed or covered by additional dirt before the two remaining pads could be completed. On June 29, 2007, appellee sent a letter to appellants stating that it would no longer be responsible for removing the rock at the end of the pads. The letter was signed as received by Johnny Pruitt. Appellee ceased work on the project. On July 15, 2007, appellee sent another letter to appellants stating that the rock removal was not part of the original contract and was being done on an hourly basis. This letter was also signed as received by Johnny Pruitt. After this second letter, appellants hired another contractor to break up the rock and appellee used this rock for fill. Appellee hauled off most of the rock and appellants hired yet another contractor to complete the pad construction at the end of July 2007. On August 3, 2007, appellee

executed another "Waiver of Lien to Date" and was paid $15,000. The check was marked "payment in full." Thereafter, on September 11, 2007, appellee filed a "Statement of Claim for Lien" against appellants' property. The statement asserted that appellee was owed $51,825, plus interest from August 2, 2007, and attorney's fees.

On September 20, 2007, appellants filed suit alleging that appellee had slandered the title to their property by filing the lien. The complaint sought compensatory and punitive damages and attorney's fees. Appellee answered and denied the material allegations of the complaint. Appellee asserted that the filing of the lien was protected by privilege and filed a counterclaim seeking to foreclose on its lien in the amount of $51,825.

Appellee moved for summary judgment, asserting that the statements in the lien were protected by absolute privilege because they were made as part of judicial proceedings to enforce its lien and that the statements were made in good faith with probable cause. In response to the motion, appellants submitted the affidavit of Johnny Pruitt in which he accused appellee of double billing for the use of its equipment and not charging only for the extra work incurred in removing the rock. Pruitt also averred that appellee's president, Doug Dickerson, told him that the rock removal would cost between $12,000 and $15,000, and certainly not over $20,000.

The circuit court granted appellee's motion for summary judgment. The court found that appellee had probable cause to file its lien because of appellants' admitted failure to pay for the extra work removing rock. The court also found that the lien was merely a preliminary step in the statutory procedure and, as such, was privileged. The court dismissed appellants'

slander-of-title claim. After the circuit court granted summary judgment on appellants' slander-of-title claim, appellants made several attempts to have either their claim reinstated or appellee's lien dismissed on the basis that the lien waiver for the second draw included the rock removal. The court denied appellants' motions.

The case proceeded to a bench trial. After hearing testimony, the circuit court issued a letter opinion on December 1, 2008. The court found that the parties' contract was silent as to rock and timber removal. The court also found that Johnny Pruitt acknowledged that additional money was due appellee for the removal of the rock. The court then addressed appellants' claim that there was an accord and satisfaction and found that there was no agreement by appellee to accept the $30,000 as payment of the entire sum due. The court concluded that appellee was entitled to a lien on the property and to judgment in the amount of $30,000. Each party was to bear its own attorney's fees.

On December 10, 2008, prior to entry of judgment, appellants filed a motion seeking findings of fact and conclusions of law on twenty-two specific issues, many with multiple subparts. The court responded with a letter stating that its earlier letter opinion satisfied the requirements of Ark. R. Civ. P. 52.

We dismissed appellants' attempted appeal from the judgment for lack of a final order.[1] Following remand, the circuit court entered an order adopting the December 1, 2008 letter opinion issued by its predecessor. This appeal followed.

In bench trials, the standard of review on appeal is not whether there is any substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Pine Meadow Autoflex, LLC v. Taylor*, 104 Ark.App. 262, 290 S.W.3d 626 (2009). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *First Nat'l Bank v. Garner*, 86 Ark.App. 213, 167 S.W.3d 664 (2004). Recognition must be given to the circuit judge's superior opportunity to determine the credibility of witnesses and the weight to be given to their testimony. *Brown v. Blake*, 86 Ark. App. 107, 161 S.W.3d 298 (2004).

Relying on our decision in *Apollo Coating RCS, Inc. v. Brookridge Funding Corp.*, 81 Ark.App. 396, 103 S.W.3d 682 (2003), appellants first argue that the circuit court erred by not making findings on the twenty-two issues contained in their posttrial motion. They argue that Arkansas Rule of Civil Procedure 52(a) makes such findings mandatory when a timely request is made. In our decision in *Apollo*, the appellant's Rule 52 motion was determined to have been timely filed because the court had made no findings of fact or conclusions of law before its judgment was entered, which is unlike the present case, where the court had previously made findings of fact and conclusions of law in its letter opinion. Rule 52(b) controls under these facts and grants the court the discretion to amend its findings or make additional findings. Rule 52(a) and the analysis in *Apollo* are not applicable here. *See also Southeast Ark. Landfill, Inc. v. State*, 313 Ark. 669, 858 S.W.2d 665 (1993); *Weathersbee v. Wallace*, 14 Ark.App. 174, 686 S.W.2d 447 (1985).

Appellants' second point is that the circuit court erred in admitting parol evidence to vary the terms of the bid

---

1. *Pruitt v. Dickerson Excavation, Inc.*, 2009 Ark. App. 871, 2009 WL 4851340.

proposal, the formal contract, and the lien waiver. On review, we will not reverse a circuit court's ruling allowing or disallowing evidence on the basis of the parol-evidence rule absent an abuse of discretion. *Schueck v. Burris,* 330 Ark. 780, 957 S.W.2d 702 (1997). The parol-evidence rule is a rule of substantive law in which all antecedent proposals and negotiations are merged into the written contract and cannot be added to or varied by parol evidence. *Hagans v. Haines,* 64 Ark.App. 158, 984 S.W.2d 41 (1998). Parol evidence may be admitted to prove an independent, collateral fact about which the written contract was silent. *Hanners v. Giant Oil Co. of Ark., Inc.,* 373 Ark. 418, 284 S.W.3d 468 (2008). The supreme court discussed the "collateral agreement rule" in *Lane v. Pfeifer,* 264 Ark. 162, 568 S.W.2d 212 (1978), stating as follows:

> It is well recognized that parol evidence cannot be introduced to change or alter a contract in writing. The test of admissibility is whether the evidence offered tends to alter, vary, or contradict the written contract, or only to prove an independent, collateral fact about which the written contract was silent. In the former instance the testimony is inadmissible; in the latter, it is competent and proper. When testimony is offered to prove an independent, collateral fact about which the written contract is silent, the parol evidence rule is not applicable. . . .

*Id.* at 167, 568 S.W.2d at 215 (citations omitted).

We hold that the parties' written contract, prepared by Farm Credit Services, was a complete expression of the parties' agreement. Even so, *after* execution of the original job proposal and written contract, it is undisputed by the parties that a second contract concerning the removal of the rock was negotiated in July 2007. According to Johnny Pruitt's testimony, the sec-

ond agreement concerning the rock removal and how much it cost was made in late June or early July 2007, relatively close to the time appellants retained another contractor to do the rock work. Thus, the parol evidence was not admitted to vary the terms of the original contract, but instead to establish a second and subsequent agreement. *See City Nat'l Bank v. First Nat'l Bank & Trust Co.,* 22 Ark.App. 5, 732 S.W.2d 489 (1987) (holding that parol evidence rule is not violated by proof of a subsequent oral agreement modifying a prior written agreement); *Sterling v. Landis,* 9 Ark.App. 290, 658 S.W.2d 429 (1983) (same).

■ For their third point, appellants assert that appellee waived any lien it may have had by executing the lien waivers in June 2007 and in August 2007. The lien waivers reference the parties' original contract and included the file number contained on the original written contract. Inasmuch as the lien waivers clearly provided the exact liens they released, we cannot say that the circuit court clearly erred in finding that only the lien provided by the original contract was released.

■ We turn to appellants' fourth point where they argue that the circuit court's judgment was against the preponderance of the evidence or clearly erroneous because the damages awarded to appellee for the rock removal were not supported by sufficient evidence. The rock-removal oral agreement could not have come into existence prior to the June 27 conversation between Johnny Pruitt and Doug Dickerson. Appellee's invoices show charges for work completed prior to that date. Each bill is specific; however, the circuit court awarded appellee $30,000 for its rock removal on top of the $30,000 paid under the original contract. This finding does not comport with the invoices submitted and the oral

testimony concerning what additional equipment charges would be made for rock removal. In an appeal from a bench trial, where we are unable to determine the basis for the circuit court's award of damages, we may remand for the limited purposes of clarifying the method used to determine damages and to correct any erroneous calculations. *See Glover v. Woodhaven Homes, Inc.*, 346 Ark. 397, 57 S.W.3d 211 (2001). We therefore reverse and remand the case to the circuit court to explain the basis of its award of damages to appellee.

■ For their fifth point, appellants argue that an accord and satisfaction was reached between the parties when appellee cashed a check marked "payment in full." Appellants' argument on appeal is that the mere acceptance of the second $15,000 check containing the notation "paid in full" constitutes an accord and satisfaction. Our court has specifically held that it is not enough for the debtor to merely write "payment in full" or similar language on the check. *Dyke Indus., Inc. v. Waldrop*, 16 Ark.App. 125, 697 S.W.2d 936 (1985). Instead, the validity of an accord and satisfaction is dependent upon the same basic factors and principles that govern contracts generally, *Housley v. Hensley*, 100 Ark.App. 118, 265 S.W.3d 136 (2007), and the burden of proving the agreement is simply the burden of proving a contract: offer, acceptance, and consideration. *Id.* The defense of accord and satisfaction presents an issue of fact, and appellants had the burden of proving accord and satisfaction. *Id.* Here, the circuit court found that there was no agreement between the parties whereby the $15,000 would be considered as payment in full for the entire amount due. Appellants do not challenge this finding and we cannot say that it is clearly erroneous.

■ Finally, appellants argue for their sixth point that the circuit court erred in granting appellee summary judgment on their slander-of-title claim. Appellants' sole argument advanced on appeal on this topic is that they raised an issue of fact as to whether appellee acted maliciously when it filed its claim for a lien after having executed the two lien waivers.[2] The circuit court, however, did not rule on that issue. Rather, the court found that appellants' claim was barred by privilege. The order appealed from is based upon the theory of privilege, and therefore, this opinion need not address that portion of appellants' argument. *See Murphy v. City of West Memphis*, 352 Ark. 315, 101 S.W.3d 221 (2003); *Parker v. Parker*, 75 Ark.App. 90, 55 S.W.3d 773 (2001). Moreover, we have already affirmed the circuit court's finding that the lien waivers only applied to the original contract, not the subsequent oral agreement for rock removal. That finding results in appellants' slander-of-title claim being rendered moot. *See Davis v. Brushy Island Public Water Auth.*, 375 Ark. 249, 290 S.W.3d 16 (2008); *Terry v. White*, 374 Ark. 387, 288 S.W.3d 199 (2008).

Because we are reversing and remanding for clarification of the basis of the damages awarded to appellee, we vacate the circuit court's award of attorney's fees to appellee in that the attorney's fee award may be impacted by the circuit court's reexamination of the damages issue.

Affirmed in part; reversed and remanded in part.

2. The dissenting opinion correctly asserts that appellants argued in their complaint for slander-of-title that the amount of the materialman's lien was excessive, and therefore malicious. However, this argument is not advanced on appeal and must be deemed abandoned. *See Robbins v. Johnson*, 367 Ark. 506, 513, 241 S.W.3d 747, 752 (2006).

VAUGHT, C.J., GRUBER, and GLOVER, JJ., agree.

HART and BAKER, JJ., agree in part and dissent in part.

JOSEPHINE LINKER HART, Judge, dissenting in part.

On appeal, we determine whether summary judgment was appropriate based on whether a material fact remains unanswered. *See, e.g., K.C. Props. of Nw. Ark., Inc. v. Lowell Inv. Partners, LLC,* 373 Ark. 14, 280 S.W.3d 1 (2008). Appellants' argument on appeal is that there remain material issues of fact on their slander-of-title claim, and therefore summary judgment was inappropriate. Using procedural intrigues, the majority dispenses with this argument.

Appellants argue on appeal that they raised a genuine issue of material fact as to whether appellee acted with malice in filing its lien. Malice is the gist of a slander-of-title claim. *Hicks v. Earley,* 235 Ark. 251, 357 S.W.2d 647 (1962). Further, while malice may be express or implied, the action cannot be maintained if the claim was asserted in good faith and was founded on probable cause or reasonable belief. *Id.* A fraudulent overstatement of a lien can invalidate the lien. *Lyman Lamb Co. v. Arkansas Shell Homes, Inc.,* 241 Ark. 83, 406 S.W.2d 708 (1966).

The majority states that the circuit court did not rule on appellants' assertion of malice and asserts that the "order appealed from is based upon the theory of privilege, and therefore, this opinion need not address that portion of appellants' argument." The circuit court did rule on appellants' argument. Not only did the circuit court find that there was probable cause, thus finding there was no malice, the court also ruled that there was no "clear and convincing" evidence of malice to support punitive damages. And to the extent that the circuit court did find that the filing of the lien was privileged, appellants argued that appellee acted with malice, and proof of malice may defeat certain claims of privilege. *See* 103 Am.Jur. Trials *Slander of Title Claims* § 20 (2007). I thus conclude that the issue of malice was addressed by the circuit court.

Next, the majority asserts that the slander-of-title claim is moot and was abandoned on appeal. They reach this conclusion based on their observation that the majority affirmed the circuit court's finding that the lien waivers only applied to the original contract and not the subsequent oral agreement for rock removal. Presumably, the majority is asserting that appellants' slander-of-title claim was based on appellee's filing of a materialman's lien after appellee executed lien waivers that applied only to the original contract and not the oral agreement for rock removal.

This characterization of the slander-of-title claim is incorrect. Rather, in their complaint, appellants acknowledge the existence of a construction contract for which appellee was paid $30,000. What they argued, however, in their complaint for slander of title, is that the claim for an additional $51,825 was "grossly excessive and fraudulent" and that appellee "had no just, reasonable, or probable cause to believe" the amount was correct. Appellants then concluded that appellee acted "maliciously" and slandered their title. Accordingly, the slander-of-title claim was based on appellants' assertion that appellee had filed a materialman's lien in excess of $50,000 and not on a claim that appellee slandered their title by filing a lien after having executed lien waivers. Further, this argument was raised in appellants' brief on appeal, as appellants asserted that appellee maliciously filed the lien in that appellee made assertions it knew to be false. The majority reads appellants' argument

on appeal far too narrowly to reach its conclusion that the issue of malice is moot and was abandoned on appeal.

Thus, the majority fails to recognize the basis for appellants' slander-of-title claim and that appellants created a question of fact on whether appellee acted with malice in filing a lien for over $50,000. The lien was for much more than the $30,000 the circuit court awarded for rock removal. Furthermore, appellants presented evidence that Doug Dickerson stated that the rock removal would cost no more than $20,000. Also, appellee's lien claim included charges that predated the rock-removal agreement or the date that rock was actually encountered during construction and included charges for certain equipment used for ₁₃construction for which Dickerson stated he would not charge for use in rock removal. This evidence creates a factual question on whether appellee acted with malice.

Thus, I respectfully dissent from the majority's decision to affirm the circuit court's grant of summary judgment on the slander-of-title claim.

BAKER, J., joins this dissent.