SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–13–77

| | |
|---|---|
| | **Opinion Delivered** November 13, 2013 |
| CHERLE MARIE DUNCAN and LLOYD LEO DUNCAN | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT, [NO. CV-06-1443-2] |
| APPELLANTS | |
| V. | HONORABLE VICKI SHAW COOK, JUDGE |
| DR. ROBERT OLIVE | |
| APPELLEE | REMANDED FOR SUPPLEMENTATION OF THE RECORD; SUPPLEMENTATION OF THE ADDENDUM ORDERED |

## WAYMOND M. BROWN, Judge

Appellants appeal the circuit court's grant of appellee's motion for summary judgment. On appeal, appellants argue that (1) appellants' requests for admissions should not have been deemed admitted, and (2) summary judgment was improper because even if the requests for admission were properly deemed admitted, the court should have allowed the admissions to be withdrawn. We are unable to reach the merits of these arguments. Because appellants failed to include a pertinent order in the record in violation of Arkansas Rule of Appellate Procedure–Civil 6(e) and have submitted a brief without a proper addendum in violation of

SLIP OPINION

Ark. Sup. Ct. R. 4–2(a)(8)(A)(i),[1] we order appellants to submit a supplemental record and supplemental addendum.

On November 29, 2006, appellants filed a medical–malpractice complaint against appellee, Orthopedic Associates of Hot Springs, Darlene Abernathy, and two Jane Does. The named defendants timely filed their joint answer on December 14, 2006, contending that the complaint was without merit.

Appellants filed a motion to nonsuit their claims against Orthopedic Associates of Hot Springs and Darlene Abernathy, without prejudice, on August 29, 2012. Appellee stated the same in his motion for summary judgment, filed August 31, 2012. A formal order granting the summary judgment was entered on October 19, 2012.[2] Though appellants' draft order of dismissal for the aforementioned parties was included in the record, appellants failed to include the circuit court's signed order granting their motion to nonsuit in the record.[3]

Arkansas Rule of Appellate Procedure–Civil 6(e) states that if anything material to either party is omitted from the record, the appellate court, on its own initiative, may direct that the omission shall be corrected and that a supplemental record be certified and

---

[1](2012).

[2]Arkansas Rule of Civil Procedure 54(b)(5) states that "[a]ny claim against a named but unserved defendant, including a "John Doe" defendant, is dismissed by the circuit court's final judgment or decree." Because Jane Doe 1 and 2 remained unknown at the time of entry of the court's order granting appellee's motion for summary judgment, Jane Doe 1 and 2 were effectively dismissed by the court's order. The circuit court had previously issued a letter opinion detailing the same contents of the order, on October 9, 2012.

[3]Neither the motion, nor the draft, was included as separate documents, but they were included in the record as exhibit attachments to appellee's motion for summary judgment.

transmitted.[4] The circuit court's order granting appellants' motion to nonsuit and dismissing Orthopedic Associates of Hot Springs and Darlene Abernathy as parties is material to this court's ability to verify its jurisdiction as it is essential to determining the finality of the circuit court's October 19, 2012 order. Therefore, we remand for supplementation of the record, correcting the above-referenced deficiencies within thirty days from the date of this order.

Because the circuit court's order of dismissal was not included in the record, it also was not included in the addendum. Arkansas Supreme Court Rule 4–2(a)(8) requires appellants to submit an addendum containing "any order adjudicating any claim against any party with or without prejudice."[5] Accordingly, we order appellants to submit a supplemental addendum correcting the above-referenced deficiencies within fifteen days from the date on which the supplemental record is filed. We encourage appellants to review Rule 4–2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the supplemental addendum complies with the rules and that no additional deficiencies are present. After service of the supplemental record and addendum, appellee shall have an opportunity to revise or supplement his brief in the time prescribed by the clerk, or to rely on the brief that he previously filed in this appeal.

Remanded for supplementation of the record; supplementation of the addendum ordered.

WALMSLEY and HIXSON, JJ., agree.
*Michael R. Lipscomb*, for appellants.
*Malcom Law Firm*, by: *J. Phillip Malcom* and *Glenn Ritter*, for appellee.

---

[4](2012).

[5](2012).

3