

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–1099

RICHARD J. ORINTAS and
M. MELANIE ORINTAS
APPELLANTS

V.

POINT LOOKOUT PROPERTY
OWNERS ASSOCIATION BOARD
OF DIRECTORS
APPELLEE

Opinion Delivered JUNE 17, 2015

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. CV–2012-324]

HONORABLE LYNN WILLIAMS,
JUDGE

REMANDED TO SUPPLEMENT THE
RECORD; SUPPLEMENTAL
ADDENDUM ORDERED

## M. MICHAEL KINARD, Judge

Appellants M. Melanie and Richard Orintas appeal from the circuit court's orders striking their third amended complaint and granting summary judgment to appellee Point Lookout Property Owners Association Board of Directors (Board). We cannot reach the merits of the appeal because essential documents were omitted from the record and addendum. We remand to supplement the record and order a supplemental addendum.

On November 5, 2012, in a first amended complaint, appellants filed suit against the Board and Diane Kesling Silberstein alleging several causes of action. According to the circuit court docket sheet, appellants filed a second amended complaint on February 12, 2013, and the Board filed a second amended answer. The docket sheet shows that Silberstein filed a motion to dismiss on February 4, 2013, and was dismissed with prejudice on March 12, 2013. Appellants and the Board filed motions for summary judgment in 2014. On

August 26, 2014, appellants filed a third amended complaint, which incorporated the first amended complaint.

A hearing on the summary-judgment motions was held on August 29, 2014. The circuit court subsequently entered orders granting the Board's motion for summary judgment, denying appellants' motion for summary judgment, and striking the third amended complaint. Appellants timely appealed.

Appellants designated an abbreviated record for appeal, as allowed by Arkansas Rule of Appellate Procedure–Civil 6(c); however, essential documents were omitted. We previously granted the Board's motion to supplement the record with the exhibits to the Board's motion for summary judgment, which appellants had excluded from the record. We must now order that the record be supplemented again. Ark. R. App. P.–Civ. 6(e).

Neither the second amended complaint nor the Board's second amended answer are included in the addendum or record. Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) provides that the addendum must include the pleadings on which the circuit court decided each issue, including the complaint and answer. If any pleading was amended, the rule requires "the final version and any earlier version incorporated therein." The second amended complaint and answer were the operative pleadings upon which summary judgment was entered. The third amended complaint, filed three days prior to the motions hearing, was struck prior to the entry of summary judgment. Under these provisions, we require the second amended complaint and the Board's answer to be included in the addendum.

We must also order that the record and addendum be supplemented with the order

SLIP OPINION

dismissing defendant Diane Kesling Silberstein from the case. Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) states that the addendum must include any order adjudicating any claim against any party with or without prejudice. This order is essential for us to determine the finality of the orders being appealed. *See Duncan v. Olive*, 2013 Ark. App. 680.

We remand for the record to be supplemented with the above-referenced complaint, answer, and order within thirty days from the date of this opinion. Pursuant to Arkansas Supreme Court Rule 4–2(b)(4), we order appellants to submit a supplemental addendum correcting the deficiencies within seven days from the date the supplemental record is filed. We encourage appellants to carefully review our rules to ensure that no additional deficiencies exist.

Remanded to supplement the record; supplemental addendum ordered.

WHITEAKER and HOOFMAN, JJ., agree.

*Richard J. Orintas* and *M. Melanie Orintas*, pro se appellants.

*Elliott Law Firm*, by: *Jeffrey C. Elliott*, for appellee.