2013 Ark. App. 56

**Donna DEERING and Barry Deering, Appellants**

v.

**SUPERMARKET INVESTORS, INC., Appellee.**

**No. CA 12–138.**

Court of Appeals of Arkansas.

Jan. 30, 2013.

Rehearing Denied March 6, 2013.

Chaney Law Firm, P.A., Arkadelphia, by: Don P. Chaney, Nathan P. Chaney, and S. Taylor Chaney, for appellants.

Friday, Eldredge & Clark, LLP, Little Rock, by: James M. Simpson, Joseph P. McKay, Martin A. Kasten, and Phillip M. Brick, for appellee.

KENNETH S. HIXSON, Judge.

The appellants herein, Donna Deering and Barry Deering, appeal from an Octo-

ber 25, 2011 order of the Pulaski County Circuit Court that dismissed with prejudice their complaint against appellee Supermarket Investors, Inc. The appellants' complaint was dismissed pursuant to the trial court's finding that there was defective service of process on the appellee's agent. On appeal, the Deerings argue that by failing to specifically identify its defense of defective summons in responding to the Deerings' discovery requests, Supermarket Investors waived that defense. The Deerings also argue that the trial court abused its discretion by not extending the time for service of process when unresolved allegations of insufficient service remained pending. We affirm.

This litigation arose out of an incident that occurred on February 19, 2003, when Donna Deering slipped and fell on an entrance ramp at one of the appellee's grocery stores. |₂Mrs. Deering and her husband, Barry Deering, filed their first complaint against Supermarket Investors in Grant County Circuit Court on February 21, 2006. In their complaint, the Deerings sought damages alleging that Mrs. Deering suffered serious physical injuries as a result of the negligence of Supermarket Investors in failing to maintain its premises in a reasonably safe condition for its business invitees.

Supermarket Investors filed for bankruptcy on October 13, 2009, and Randy Rice was appointed as trustee. On December 2, 2009, the bankruptcy court granted relief from the automatic stay so the Deerings could pursue their action. Prior to trial, the Deerings voluntarily nonsuited their claims, and as a result the Grant County Circuit Court entered an order dismissing the first action without prejudice on December 16, 2009.

On December 16, 2010, the Deerings filed their second complaint concerning the slip and fall against Supermarket Investors. This time, the Deerings filed their complaint in Pulaski County Circuit Court. On April 12, 2011, the Deerings served the bankruptcy trustee, Randy Rice, with process. However, the summons was defective because it incorrectly provided a response time of thirty days, but instead should have provided a response time of twenty days because Supermarket Investors is a domestic corporation. Although the rule has since been amended to provide for a thirty-day response time for a resident defendant, at the time that service was effected in this case Ark. R. Civ. P. 12(a)(1) required a resident defendant to file his answer within twenty days after service of the summons and complaint.

|₃On April 14, 2011, the Deerings filed a motion to extend the time for service of process. In that motion, the Deerings expressed their belief that good service of process had been perfected by its service upon Randy Rice. However, because the 120–day time period to make timely service was nearing expiration, the Deerings filed the motion "out of an abundance of caution, in the event that the defendant files a pleading that raises some defect" with respect to service of process. On May 4, 2011, the trial court entered an order granting the Deerings an additional sixty days from the date of the order to complete service, making service on Supermarket Investors due by July 5, 2011. However, no additional service was made.

Supermarket Investors filed its answer to the Deerings' complaint on April 28, 2011. Among other defenses, Supermarket Investors pleaded insufficiency of process and asserted that "because this court lacks jurisdiction over this defendant and plaintiffs failed to serve valid process and for other reasons, this matter should be dismissed."

In June 2011, within the extended time allotted for service of process, the Deer-

ings served requests for admissions and received the following responses, in pertinent part, from Supermarket Investors:

*REQUEST FOR ADMISSION NO. 1:* Admit that this Court has jurisdiction over the subject matter of this action.
*ANSWER:* Denied.

*REQUEST FOR ADMISSION NO. 2:* Admit that venue is proper in this Court for this action.
*ANSWER:* Denied.

. . . .

*REQUEST FOR ADMISSION NO. 8:* Admit that process and service of process upon Defendant is sufficient for this action.
*ANSWER:* Denied.

*REQUEST FOR ADMISSION NO. 9:* Admit that this Court has jurisdiction over the parties to this action.
*ANSWER:* Denied.

The Deerings also served interrogatories and requests for production on Supermarket Investors, and the following answers were provided:

*INTERROGATORY NO. 1:* For each Request for Admission served herewith that you deny in part or in full, please explain the full factual and legal basis for each such denial.
*ANSWER:* Objection. This interrogatory calls for a legal conclusion and attempts to invade the attorney-client and work product privileges.

*INTERROGATORY NO. 2:* If you contend that process or service of process is insufficient in this matter, please explain the full factual and legal basis for such contention.
*ANSWER:* Objection. This interrogatory calls for a legal conclusion and attempts to invade the attorney-client and work product privileges.

. . . .

*REQUEST FOR PRODUCTION NO. 1:* For each Request for Admission served herewith that you deny in part or in full, please produce any and all documents that you contend support each such denial.
*ANSWER:* Objection. This calls for a legal conclusion and attempts to invade the attorney-client and work product privileges.

*REQUEST FOR PRODUCTION NO. 2:* Please produce any and all documents that you contend support your affirmative defenses of insufficiency of process or insufficiency of service of process.
*ANSWER:* Objection. This calls for a legal conclusion and attempts to invade the attorney-client and work product privileges. Without waiving this objection, such documents would include the documents relating to the service of process and these are equally as available to counsel for the Plaintiffs as they are to the Defendant.

On July 5, 2011, the Deerings filed a second motion to extend time for service of process, motion to dismiss service of process defenses, and/or motion to compel discovery. In its motion and integrated brief, the Deerings reasserted their belief that service of process had been perfected by service upon Mr. Rice. The Deerings sought a ruling that service was effective and requested dismissal of Supermarket Investors' service of process defenses. The Deerings' motion also contained the following pertinent paragraphs:

6. During the first extension of time for service, the Plaintiffs propounded discovery to flesh out the Defendant's service defenses. Based upon the Defendant's responses to requests for admission, the Defendant appears to dispute whether Mr. Rice is an officer of the Defendant and thus whether service upon Mr. Rice constitutes valid service

upon the Defendant. However, the Defendants refused to answer interrogatories or produce documents that would explain the full factual and legal basis for the Defendant's service of process defenses, instead claiming that this information was privileged.

. . . .

10. Plaintiffs' counsel has conferred with defense counsel at least twice (excluding formal discovery requests) in an attempt to resolve this service of process and discovery dispute without Court intervention, but defense counsel still has not provided any information about its service defenses.

11. Because the Defendant refuses to identify the basis for its service of process defenses, the Plaintiffs seek an order deeming Requests for Admission Nos. 4–6 and 8 admitted. That is, the Plaintiffs asks that the Defendant be deemed to have admitted that process and service of process are sufficient in this matter.

12. In the event the Court reserves judgment on whether valid service has been made upon Mr. Rice, the Plaintiff seeks an order (1) compelling the Defendant to identify all facts regarding process and service of process, and how it applies those facts to the law concerning process and service of process, and (2) extending the time for service of process for an additional period of time sufficient to allow full discovery and adjudication into the Defendant's process and service of process defenses.

A hearing on the Deerings' July 5, 2011 motion was held on August 12, 2011. At the hearing, the Deerings asserted that because the deadline for service of process had run, they were no longer seeking all of the relief requested in their motion. The Deerings represented that they were no longer seeking an extension of the service deadline or asking to compel discovery responses. Specifically, the Deerings' attorney stated:

Given the fact that the deadline for service of process has run, we are not seeking all the relief in our motion now. We are not seeking an extension of the deadline at this point. We are not seeking even to compel the discovery responses. At this point, the motion is solely to deem the requests for admission admitted on the service defenses, and to get a declaration from the court that valid service was made on the bankruptcy trustee.

Supermarket Investors argued that the trial court lacked jurisdiction because service on its bankruptcy trustee was defective as it contained a thirty-day response time, which should have been twenty days for a domestic corporation. The trial court ruled from the bench that although the trustee was an authorized representative for service, it was required to dismiss the case because of the defective summons.

On October 21, 2011, before entry of the dismissal order by the trial court, the Deerings filed a motion for reconsideration. In that motion, the Deerings complained that Supermarket Investors waited until the August 12, 2011 hearing to identify the defective summons.

On October 25, 2011, the trial court issued its order dismissing the Deerings' complaint with prejudice.[1] The trial court found in its order that although service on the defendant's bankruptcy trustee was appropriate, the summons was defective because it erroneously represented that

1. The dismissal was with prejudice pursuant to Ark. R. Civ. P. 41(b) because it was the second dismissal of the case.

the defendant had thirty days to file a responsive pleading, when it should have been twenty days. The trial court dismissed the action due to ineffective service of process.

In this appeal, the Deerings admit that the summons was technically defective because it designated thirty days instead of twenty days to respond to the complaint. However, the Deerings argue that the appellee's failure to respond to their discovery seeking the factual basis for the appellee's insufficient-process defense operated as a waiver of that defense. The Deerings also contend that the trial court abused its discretion in failing to grant their request for an extension of time to conduct additional discovery on the issue of insufficiency of process.

A trial court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by the appellate court absent an abuse of discretion that is prejudicial to the appealing party. *Loghry v. Rogers Grp., Inc.,* 348 Ark. 369, 72 S.W.3d 499 (2002). To have abused its discretion, the trial court must have not only made an error in its decision, but also must have acted improvidently, thoughtlessly, or without due consideration. *Chapman v. Ford Motor Co.,* 368 Ark. 328, 245 S.W.3d 123 (2006).

The Deerings argue on appeal that Supermarket Investors committed discovery violations by actively concealing its defense related to the defective summons. The Deerings assert that they took every reasonable measure to identify and cure the invalid process before the time for service elapsed, which included propounding discovery on the matter, but that Supermarket Investors only offered a general denial of sufficient service and refused to answer the Deerings' requests as to the specifics of its defense. Moreover, the Deerings suggest that in responding to their requests for admissions, Supermarket Investors misled them into believing that the defect in service of process pertained to whether Randy Rice was an authorized agent as opposed to a defect in the summons itself. The Deerings assert that Supermarket Investors was intentionally evasive and that this sort of litigation gamesmanship should not be permitted.

The Deerings rely on *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), where the Supreme Court said that where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues. The Deerings assert that, under Ark. R. Civ. P. 37, the trial court had the power to compel adequate discovery responses and was permitted under Rule 37(e) to order that Supermarket Investors be disallowed from advancing its process defense due to its failure to respond to discovery. The Deerings contend that the discovery served on Supermarket Investors regarding service was entirely proper, that Supermarket Investors failed to provide honest and full answers to their discovery, and that the proper remedy for the discovery violation was a waiver of the defense. The Deerings argue that, under these circumstances, the trial court abused its discretion in permitting the appellee's insufficient-process defense and in dismissing the action on that basis.

Alternatively, the Deerings argue that the trial court erred in failing to grant an extension of time to permit them to conduct discovery regarding the appellee's allegations of insufficient process. Arkansas Rule of Civil Procedure 4(i) provides that an action shall be dismissed if service of the summons is not made upon the defendant within 120 days after the filing of the complaint, but that if a motion to extend is

made within that period, the time for service may be extended by the court upon a showing of good cause. The Deerings assert that they made a good-faith effort to perfect service, and that because the appellee objected to service and refused to provide discovery, the trial court abused its discretion in this regard because good cause was shown for extending the service time.

In the appellee's brief, it contends that the arguments presented by the Deerings on appeal are not preserved for review, and we agree. At the hearing on the Deerings' motion, the Deerings specifically waived their requests to extend the service deadline and to compel discovery responses, and the only argument made to the trial court was that their requests for admission on the service issue should be deemed admitted along with a declaration that valid service was made on the bankruptcy trustee. The trial court never made any ruling as to whether there had been any discovery violation or what sanctions, if any, were appropriate. The only ruling made by the trial court was that the Deerings' complaint must be dismissed because service of process was defective. And the defect in process is undisputed.

In order to preserve an issue for appeal, the issue must be presented to the trial court so that the trial court is given the opportunity to rule on it. *See Brown v. SEECO, Inc.*, 316 Ark. 336, 871 S.W.2d 580 (1994). Moreover, our courts have repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *Roberts v. Jackson*, 2011 Ark. App. 335, 384 S.W.3d 28. In the present case, the issue now being raised pertaining to alleged discovery violations was not developed before the trial court at the hearing, and the trial court made no ruling on that issue. Nor did the trial court make any ruling on the Deerings' prior motion to extend service time, which they explicitly withdrew at the hearing. Because neither of these issues were ruled on by the trial court, they are not preserved and we have nothing to review. *See Boeuf River Farms v. Browder*, 2012 Ark. App. 482, 422 S.W.3d 194.

Furthermore, we conclude that even had the Deerings' arguments been preserved they would be afforded no relief on appeal. Contrary to the Deerings' contentions, Supermarket Investors was not evasive or misleading in responding to discovery. Upon inquiry, Supermarket Investors specifically denied that service of process was effective, and in responding to requests for production it correctly asserted that the documents reflecting ineffective service of process were equally available to both parties. The summons was defective on its face. The summons contained an incorrect response time, and this was purely a legal matter. No factual discovery was necessary to discover the defect, and Supermarket Investors did all that it was required to do.

In concluding their brief, the Deerings also request guidance from this court for future litigants on how to identify the factual nature of defective service defenses within the time for service. However, we believe our existing rules of civil procedure and related caselaw are sufficient guidance to identify whether service has been effective, and we decline to offer an advisory opinion to future litigants on the matter. *See Young v. Smith*, 2012 Ark. App. 494, 2012 WL 4208052.

Affirmed.

WOOD and BROWN, JJ., agree.