
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–346

| | |
|---|---|
| VERNON HARDESTY and MARTHA HARDESTY<br><br>APPELLANTS<br><br>V.<br><br>BAPTIST HEALTH d/b/a BAPTIST HEALTH MEDICAL CENTER, DR. RAYMOND REMMEL, and PATRICK O'CONNELL, R.N.<br><br>APPELLEES | **Opinion Delivered** December 11, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-2012-2321]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>AFFIRMED |

**ROBIN F. WYNNE, Judge**

Vernon Hardesty and Martha Hardesty appeal from an order of the circuit court granting summary judgment in favor of Baptist Health d/b/a Baptist Health Medical Center (Baptist), Dr. Raymond Remmel, and Patrick O'Connell, R.N. Summary judgment was granted based on certain requests for admission that were deemed admitted after appellants failed to respond to them or file their responses with the circuit court. We affirm the order of the circuit court.

At the time of the events that gave rise to the litigation, Vernon Hardesty was a seventy-year-old man with a history of chronic obstructive pulmonary disease. He was unable to use his right arm due to an injury. On or around May 14, 2010, Martha Hardesty, Mr. Hardesty's wife, summoned emergency medical assistance after he began acting disoriented

SLIP OPINION

and confused. He was taken by ambulance to Baptist Health Medical Center in Little Rock. Mr. Hardesty was initially diagnosed with symptoms of dementia and placed in the hospital's geriatric psychiatry unit under the care of Dr. Remmel. Due to disorientation and combative behavior on the part of Mr. Hardesty, he was identified as a "fall risk" and certain precautions were ordered as a result. At one point while he was in the unit, Mr. Hardesty walked away from his safety-belt-equipped wheelchair. While Mr. Hardesty was being returned to his wheelchair, his left elbow was allegedly fractured. It was later determined that Mr. Hardesty's initial symptoms of disorientation and confusion were the result of a urinary tract infection.

Appellants filed a complaint in May 2012 in which they alleged that appellees unreasonably failed to diagnose Mr. Hardesty's urinary tract infection, used excessive force in returning him to his wheelchair, failed to adequately protect him from wandering away from his wheelchair, and failed to properly recognize and treat his arm fracture. Appellants further alleged that the fracture resulted in Mr. Hardesty losing the use of his left arm and being required to take strong pain medication.

On June 12, 2012, Dr. Remmel answered the complaint and propounded the following requests for discovery on appellants:

> REQUEST FOR ADMISSION NO. 1: Admit that you do not have any written or recorded documentation to sustain any of the allegations in your Complaint which may be directed against Dr. Remmel.

> REQUEST FOR ADMISSION NO. 2: Admit that, other than Plaintiffs, you have no persons who have indicated to you a willingness to appear at trial and testify that Dr. Remmel was or is guilty of any of the allegations contained in the Complaint.

SLIP OPINION

REQUEST FOR ADMISSION NO. 3: Admit that you have no evidence of any kind or nature to sustain any allegations in your complaint which might be attributable to Dr. Remmel.

REQUEST FOR ADMISSION NO. 4: Admit that you have no person to testify that Dr. Remmel did or failed to do anything that caused injury, harm, or damage to Plaintiffs.

Appellants did not respond to the requests within the time allowed.

Baptist answered the complaint and propounded the following requests for admission to appellants on June 15, 2012:

REQUEST FOR ADMISSION NO. 1: Admit that you do not have any qualified medical support for the allegations of negligence in your complaint against Baptist.

REQUEST FOR ADMISSION NO. 2: Admit that you do not have any qualified medical support for the allegation against Baptist that any act of negligence was a proximate cause of injury to Vernon Hardesty.

REQUEST FOR ADMISSION NO. 3: Admit that you do not have any qualified medical support for your allegation that Vernon Hardesty's condition was caused by negligent care and treatment by Baptist.

REQUEST FOR ADMISSION NO. 4: Admit that Baptist was not negligent in the care and treatment of Vernon Hardesty.

REQUEST FOR ADMISSION NO. 5: Admit that any actions or inactions on the part of Baptist were not the proximate cause of any damages or injuries alleged in your complaint.

Appellants did not respond to Baptist's requests within the time allowed. Patrick O'Connell also answered the complaint and propounded requests for admission on appellants that were identical in substance to those propounded by Baptist. Appellants timely answered the requests propounded by O'Connell, but failed to file the responses with the circuit court.

In August 2012, both Baptist and Dr. Remmel filed motions for summary judgment

SLIP OPINION

in which they argued that their requests for admission were deemed admitted, that the admissions left no genuine issue of material fact, and that they were entitled to judgment as a matter of law. After the motions for summary judgment had been filed, appellants filed a motion to withdraw and amend the admissions. Patrick O'Connell filed a motion for summary judgment in October 2012 arguing the same grounds alleged by Baptist and Dr. Remmel.

Following a hearing on the outstanding motions, the circuit court entered its written order. In the order, the circuit court denied appellants' motion to withdraw and amend admissions. The circuit court found that requests for admission numbers one through three propounded by Baptist were deemed admitted. The circuit court did not consider Baptist's fourth and fifth requests, finding that they were legal in nature. The requests by Dr. Remmel were deemed admitted in their entirety. The circuit court further found that requests for admission numbers one through four by Patrick O'Connell were deemed admitted and that request number five was legal in nature and thus not considered. The circuit court granted summary judgment to Baptist, Dr. Remmel, and O'Connell. This appeal followed.

Appellants first argue that the circuit court erred by deeming the requests for admission admitted. A trial court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by the appellate court absent an abuse of discretion that is prejudicial to the appealing party. *Deering v. Supermarket Investors, Inc.*, 2013 Ark. App. 56, at 7, ___ S.W.3d ___, ___. To have abused its discretion, the trial court must have not only made an error in its decision, but also must have acted improvidently, thoughtlessly,

4

SLIP OPINION

or without due consideration. *Id*.

Appellants assert that the requests should have been invalidated as frivolous and against the rules of discovery. For support, they cite *Widmer v. Fort Smith Vehicle Co.*, 244 Ark. 626, 427 S.W.2d 186 (1968). Appellees respond that *Widmer* is distinguishable from this case. We agree with appellees. In *Widmer*, the supreme court upheld a trial court's decision to quash requests for admission by a plaintiff. The plaintiff had submitted the requests to the defendant, who timely responded. The plaintiff subsequently took a voluntary nonsuit and resubmitted identical requests after refiling the complaint. In this case, appellants never responded to the requests by Baptist and Dr. Remmel and failed to file responses to the requests by O'Connell. Appellants have made no showing that the requests were propounded for any illegitimate purpose. Their argument is without merit.

Appellants next argue that the circuit court erred by not invalidating the fourth request for admission propounded by Patrick O'Donnell. The circuit court invalidated the fourth request propounded by Baptist but not the fourth request by O'Connell, which was substantively identical. We do not presume that prejudice has resulted from a trial court's error, and will not reverse for error unless prejudice is demonstrated. *Davis v. Davis*, 2013 Ark. App. 180. Here, any error by the circuit court was harmless because Baptist was granted summary judgment based on the deemed admissions to its first three requests, and O'Connell's first three requests were substantively identical to Baptist's. As appellants have failed to demonstrate any prejudice from the circuit court's ruling regarding O'Connell's request, their argument is without merit.

5

Appellants also argue that O'Connell's requests should not have been deemed admitted because the responses were served. They contend that they complied with the requirements of Arkansas Rule of Civil Procedure 36 by responding to the requests. They admit their failure to comply with Arkansas Rule of Civil Procedure 5's requirement that the responses be filed, but argue that the remedy for that failure should be limited to any applicable to Rule 5 and would not, according to appellants, include deemed admission of the requests. All papers after the complaint required to be served upon a party or his attorney shall be filed with the clerk of the court either before service or within a reasonable time thereafter. Ark. R. Civ. P. 5(c) (2012). Responses to requests for admission are required to be served on the opposing party and are thus subject to Rule 5(c). Rule 5 itself contains no consequence for failure to abide by the rule. Our supreme court has held that it was error for a trial court to fail to strike an answer and enter a default judgment based on the failure of a party to timely file an answer. *Webb v. Lambert*, 295 Ark. 438, 748 S.W.2d 658 (1988). Default judgment is also a consequence of failure to respond to a complaint. Ark. R. Civ. P. 55(a) (2012). The same rationale that our supreme court has applied to failure to file an answer should likewise apply to a failure to file responses to requests for admission. Therefore, we hold that the circuit court did not abuse its discretion by deeming O'Connell's requests for admission admitted when appellants' responses were not filed as required.

Appellants next argue that the circuit court erred by denying their motion to withdraw and amend the admissions. They cite several cases which state that a trial court may allow a party to withdraw and amend admissions. That is not the relevant question. Arkansas Rule

SLIP OPINION

of Civil Procedure 36(b) (2012) clearly states that a trial court can permit withdrawal or amendment of responses to answers to requests for admission. However, the rule does not make it mandatory that a trial court grant a request to withdraw and amend. The relevant question here is whether the circuit court in this case abused its discretion by denying appellants' motion to withdraw and amend. Appellants have not demonstrated an abuse of discretion by the circuit court, especially considering that the admissions are based on their failure to timely respond or file their responses.

Appellants' final argument is that the circuit court erred by granting summary judgment in favor of appellees despite the admissions. Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Midkiff v. Crain Ford Jacksonville, LLC*, 2013 Ark. App. 373. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.* After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable people might reach different conclusions from those undisputed facts. *Id.*

Appellants' complaint alleged negligence on the part of appellees. Arkansas Code Annotated section 16-114-206 (Repl. 2006) states as follows:

> In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
>
> (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
>
> (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and
>
> (3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

By failing to respond to the requests for admission, appellants admitted that they had no expert testimony to support the allegations in their complaint. Appellants assert in their brief that the admissions should apply only at the time they were made and should not have applied at the time of the hearing on the summary-judgment motions. However, they provide no support for this argument. We do not consider arguments without convincing argument or citations to authority. *Seth v. St. Edward Mercy Med. Ctr.*, 375 Ark. 413, 420, 291 S.W.3d 179, 185 (2009). Appellants also make passing reference to the issues asserted as being within the common knowledge of the jury; however, they again offer no support for this assertion, nor do they explain how the issues would be within the common understanding of the jury. We will not consider the argument on appeal. *Id.* As appellants failed to provide any expert

evidence on the issue of negligence, appellees were entitled to judgment as a matter of law, and the grant of summary judgment was not in error.

Affirmed.

PITTMAN and HARRISON, JJ., agree.

*Nick Rogers*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *David P. Glover, Gary D. Marts, Jr.*, and *W. Carson Tucker*, for appellees Baptist Health and Patrick O'Connell, R.N.; *Mitchell, Williams, Selig, Gates & Woodyard, PLLC*, by: *R.T. Beard, III*, and *Benjamin D. Jackson*, for appellee Raymond Remmel, MD..