

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–77

| | |
|---|---|
| | **Opinion Delivered** February 26, 2014 |
| CHERLE MARIE DUNCAN and LLOYD LEO DUNCAN<br>APPELLANTS | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV-06-1443-2] |
| V. | HONORABLE VICKI SHAW COOK, JUDGE |
| DR. ROBERT OLIVE<br>APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellants appeal the circuit court's grant of appellee's motion for summary judgment. On appeal, appellants argue that (1) appellee's requests for admission should not have been deemed admitted, and (2) summary judgment was improper because even if the requests for admission were properly deemed admitted, the court should have allowed the admissions to be withdrawn.[1] We find no error and affirm.[2]

---

[1]Appellants contend that this case should be reviewed by our supreme court because it presents an issue of first impression; however, we decline appellants' request because this court addressed the same or similar issues recently in *Hardesty v. Baptist Health*, 2013 Ark. App. 731, ___ S.W.3d ___.

[2]This is the second time this case has been before us. We initially ordered appellants to submit a supplemental record and supplemental addendum due to deficiencies. *Duncan v. Olive*, 2013 Ark. App. 680.

SLIP OPINION

On November 29, 2006, appellants filed a medical–malpractice complaint against appellee, Orthopedic Associates of Hot Springs, Darlene Abernathy, and two Jane Does. The named defendants timely filed their joint answer on December 14, 2006, contending that the complaint was without merit. Appellants filed an amended complaint on January 28, 2011. The named defendants, again, filed a joint answer on February 2, 2011, asserting that the complaint was without merit. On February 2, 2012, appellee filed and served upon appellants two sets of requests for admission. The first request stated:

> REQUEST FOR ADMISSION NO. 1: Please admit that you have not obtained an affidavit that has been signed and executed by an expert engaged in the same type of medical practice or specialty as the Defendants, which demonstrates reasonable cause for filing your Complaint for medical injury against the Defendants in accordance with Ark. Code Ann. § 16-114-209.

The second set of requests stated:

> REQUEST FOR ADMISSION NO. 1: Admit that the Defendants . . . were not negligent in any way in the medical care and treatment they provided to Cherle Duncan.
>
> REQUEST FOR ADMISSION NO. 2: Admit that the Defendants . . . did not fail to meet the applicable standard of care in their medical care and treatment of Cherle Duncan.
>
> REQUEST FOR ADMISSION NO. 3: Admit that there was no act or omission by the Defendants . . . that was the proximate cause of injury or damage to Cherle Duncan and/or Lloyd Leo Duncan.
>
> REQUEST FOR ADMISSION NO. 4: Admit that the Defendants . . . complied with the standard of care required of them in the medical care and treatment they provided to Cherle Duncan.
>
> REQUEST FOR ADMISSION NO. 5: Admit that the Defendants . . . are not liable in any way to Cherle Duncan and/or Lloyd Leo Duncan.
>
> REQUEST FOR ADMISSION NO. 6: Admit that you do not have expert testimony from a qualified medical expert willing to testify that the Defendants . . . failed to meet the applicable standard of care in their medical care and treatment of Cherle Duncan.

SLIP OPINION

> REQUEST FOR ADMISSION NO. 7: Admit that you do not have expert testimony from a qualified medical expert that there was any act or omission on the part of the Defendants . . . that was the proximate cause of injury or damage to Cherle Duncan and/or Lloyd Leo Duncan.

Appellants answered the requests on February 13, 2012, and appellee's attorney received the responses on February 14, 2012. However, appellants failed to file their responses to the requests with the circuit court at that time.

Appellants filed a motion to nonsuit their claims against Orthopedic Associates of Hot Springs and Darlene Abernathy, without prejudice, on August 29, 2012. On August 31, 2012, appellee filed a motion for summary judgment, alleging that he was entitled to judgment as a matter of law because appellants had failed to file their responses to his requests for admission with the clerk and therefore, the requests were deemed admitted. Appellants responded to appellee's summary-judgment motion on September 18, 2012, contending that their failure to file the responses with the clerk was just an oversight, and that they had responded to the requests and served their answers upon appellee's attorney in a timely manner. Appellants filed their responses to the requests for admission with the clerk on October 3, 2012. A formal order granting appellee summary judgment was entered on October 19, 2012. Appellants filed a timely notice of appeal on November 8, 2012. This appeal followed.

Appellants first argue that the trial court erred by deeming the requests for admission admitted. A trial court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by the appellate court absent an abuse of

SLIP OPINION

discretion that is prejudicial to the appealing party.[3] To have abused its discretion, the trial court must have not only made an error in its decision but also must have acted improvidently, thoughtlessly, or without due consideration.[4]

Appellants contend that appellee's requests should not have been deemed admitted because the responses were served on appellee. They contend that they complied with the requirements of Arkansas Rule of Civil Procedure 36 by responding to the requests. They admit their failure to comply with the requirement of Arkansas Rule of Civil Procedure 5 that the responses be filed, but argue that the rule does not impose a penalty of admission for failing to do so. According to Arkansas Rule of Civil Procedure 5(c),[5] all papers after the complaint required to be served upon a party or his attorney shall be filed with the clerk of the court either before service or within a reasonable time thereafter. Responses to requests for admission are required to be served on the opposing party and are thus subject to Rule 5(c). Although Rule 5 itself contains no consequence for failure to abide by the rule, our supreme court has held that it was error for a trial court to fail to strike an answer and enter a default judgment based on the failure of a party to timely file an answer.[6] Default judgment is also a consequence of failure to respond to a complaint.[7] The same rationale that our

---

[3]*Deering v. Supermarket Investors, Inc.*, 2013 Ark. App. 56, ___ S.W.3d ___.

[4]*Id.*

[5](2012).

[6]*Hardesty*, *supra* (citing *Webb v. Lambert*, 295 Ark. 438, 748 S.W.2d 658 (1988)).

[7]Ark. R. Civ. P. 55(a) (2012).

4

SLIP OPINION

supreme court has applied to failure to file an answer should likewise apply to a failure to file responses to requests for admission.[8] Therefore, we hold that the trial court did not abuse its discretion by deeming appellee's requests for admission admitted when appellants' responses were not filed as required.

Next, appellants argue that summary judgment was improper because even if the requests for admission were properly deemed admitted, the court should have allowed the admissions to be withdrawn. Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law.[9] Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.[10] On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered.[11] This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.[12] Our review is not limited to the

---

[8] *See Hardesty, supra.*

[9] *Midkiff v. Crain Ford Jacksonville, LLC*, 2013 Ark. App. 373.

[10] *Id.*

[11] *Id.*

[12] *Id.*

SLIP OPINION

pleadings, as we also focus on the affidavits and other documents filed by the parties.[13] After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable people might reach different conclusions from those undisputed facts.[14]

Arkansas Rule of Civil Procedure 36(b)[15] states that a trial court can permit withdrawal or amendment of admissions. However, the rule does not make it mandatory that a trial court grant a request to withdraw and/or amend. The relevant question here is whether the trial court in this case abused its discretion by denying appellants' motion to withdraw the admissions. Appellants have not demonstrated an abuse of discretion by the trial court.

Appellants had the burden of proving that (1) the degree of skill and learning ordinarily possessed and used by orthopedic surgeons in good standing, engaged in the same type of practice or specialty in Garland County, Arkansas, or in a similar locality; (2) that appellee failed to act in accordance with that standard; and (3) that as a proximate result thereof Cherle Duncan suffered injuries that would not otherwise have occurred.[16] A medical-malpractice complaint is subject to a motion for summary judgment when the plaintiff fails to present expert evidence of those three elements and the defending party demonstrates that the plaintiff lacks proof on one or more of these essential elements.[17] By failing to timely file their

---

[13] *Id.*

[14] *Id.*

[15] (2012).

[16] Ark. Code Ann. § 16-114-206(a) (Repl. 2006).

[17] *Quattlebaum v. McCarver*, 2013 Ark. App. 376.

responses to appellee's requests for admission, appellants admitted that they could not meet their burden of proving the essential elements of medical malpractice. Accordingly, appellee was entitled to judgment as a matter of law, and summary judgment was appropriate under these facts.

Affirmed.

PITTMAN and WYNNE, JJ., agree.

*Michael R. Lipscomb*, for appellants.

*Malcom Law Firm*, by: *J. Phillip Malcom* and *Glenn Ritter*, for appellee.