Cite as 2021 Ark. App. 372

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-20-567

|  |  |
|---|---|
| PASCHAL HEATING AND AIR CONDITIONING CO., INC.<br>APPELLANT<br><br>V.<br><br>SCOTT ZOTTI<br>APPELLEE | **Opinion Delivered** October 6, 2021<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-19-629]<br><br>HONORABLE BETH STOREY BRYAN, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

## RAYMOND R. ABRAMSON, Judge

Appellant Paschal Heating & Air Conditioning Company, Inc. (Paschal), brings this interlocutory appeal from the Washington County Circuit Court's imposition of sanctions, including striking its complaint and answer to the counterclaim filed by the appellee, Scott Zotti, in a breach–of–contract lawsuit. On appeal, the primary issue is whether, under the facts presented, the circuit court abused its discretion in imposing these sanctions. We affirm.

Scott Zotti contracted with Paschal to install a geothermal heating and air conditioning system in his home. Zotti refused to pay the balance due on the contract because of damages Paschal caused during the installation and the fact that the system never operated properly. Paschal sued Zotti to collect the amount due under the contract.

Zotti answered, generally denying he owed Paschal anything and counterclaimed for negligence and breach of warranty. In its appellate brief, Paschal attempts to argue the merits

of its claims and defenses; however, those issues are not ripe or proper for any consideration on appeal because the circuit court struck Paschal's complaint and answer to counterclaim before any trial had occurred.

The relevant factual context for our court's review is limited to Zotti's discovery requests, Paschal's response to Zotti's discovery requests, Zotti's motion for sanctions, Paschal's response, and Zotti's reply that followed. In four different requests for production, Zotti requested relevant emails from Paschal. Paschal's response to each request was "See attached documents."

In those "attached documents," Paschal produced an email to Zotti dated January 9, 2019, from Austin Efurd, an energy specialist employed by Paschal. The produced email contained language that was neither true nor correct. It had been altered from the original email that was actually sent. The altered email states, in pertinent part: "A true variable speed system (TGVX) works best for the amount of zones and size of system but *you* decided on the two stage for the cost difference." (Emphasis added.) The same excerpt from the true and correct email reads: "A true variable speed system (TGVX) works best for the amount of zones and size of system but *we* decided on the two stage for the cost difference." (Emphasis added.) After the motion for sanctions was filed, Paschal admitted to the falsified email. Paschal offered at least four explanations for the changed email.

First, Paschal defended not having produced all copies of the relevant email "to save paper." Second, Paschal admitted that it just did not do a very good search of its own records. Third, Paschal claims the alteration was motivated by customer service. And fourth,

2

Paschal claimed the altered email was a truthful discovery response. ("[H]is alteration was to make the email, if anything, more truthful, not less.")

At the pretrial hearing on July 7, 2020, the circuit court, finding that none of these reasons were valid, granted the motion for sanctions and struck Paschal's complaint and Paschal's answer to Zotti's counterclaim. The circuit court also awarded attorney's fees and costs to be paid by Paschal to Zotti for both prevailing on a contract claim and for the flagrant discovery violation. Paschal filed a timely notice of appeal, and the appeal is now properly before our court.

The question we must decide is whether the circuit court abused its discretion in ordering sanctions for the discovery violations in this case. We hold that, given the record before us, it did not. It is well settled that the imposition of discovery sanctions is reviewed under an abuse-of-discretion standard, and the bar to demonstrate that the circuit court has abused its discretion in an order under Arkansas Rule of Civil Procedure 37 is very high. *Phelan v. Discover Bank*, 351 Ark. 138, 205 S.W.3d 145 (2005). The circuit court abuses its discretion when it acts thoughtlessly, improvidently, or without due consideration. *Hardesty v. Baptist Health*, 2013 Ark. App. 731, at 4–5, 431 S.W.3d 327, 330. A circuit court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by the appellate court absent an abuse of discretion that is prejudicial to the appealing party. *Deering v. Supermarket Investors, Inc.*, 2013 Ark. App. 56, at 7, 425 S.W.3d 832, 836.

Paschal claims for the first time on appeal that Zotti's motion for sanctions was procedurally defective because it lacked a statement that the parties had conferred, or

3

attempted to confer, about the dispute. However, that argument is waived because Paschal failed to raise it in either its response to the motion for sanctions or its brief in support of its response. There was no mention of the good-faith requirement to confer in the pleadings below. Likewise, Paschal did not raise the issue in the July 7 hearing on the motion for sanctions that was held via Zoom and conference call. A review of counsel's remarks at the hearing proves no mention was made of this alleged procedural defect under Rule 37.

*Deering, supra*, specifically holds that a party cannot raise a new argument related to discovery violations for the first time on appeal. 2013 Ark. App. 56, 425 S.W.3d 832. In order to preserve an issue for appeal, the issue must be presented to the circuit court so that the lower court is given the opportunity to rule on it. *See Brown v. SEECO, Inc.*, 316 Ark. 336, 871 S.W.2d 580 (1994). Moreover, our courts have repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *Roberts v. Jackson*, 2011 Ark. App. 335, 384 S.W.3d 28. Because this argument was not ruled on by the circuit court, it is not preserved for our review and we decline to address it. *See Boeuf River Farms v. Browder*, 2012 Ark. App. 482, 422 S.W.3d 194.

Paschal next argues that the circuit court abused its discretion by striking the pleadings. As we have noted, the bar to demonstrate that the circuit court has abused its discretion in an order under Rule 37 is very high. *See S.A.M. Grp., LLC v. CR Crawford Constr., LLC*, 2020 Ark. App. 173, at 2–3, 596 S.W.3d 590, 591. To win a reversal on this point, Paschal must prove that the circuit court's decision to strike the complaint and its answer to Zotti's counterclaim was done improvidently, thoughtlessly, and without due consideration. *See Marks v. Saville*, 2017 Ark. App. 668, at 6, 550 S.W.3d 1, 5.

4

Our analysis begins with the detailed findings and rulings of the circuit court. The court's ruling spanned nine pages of the hearing transcript and included such findings as follows:

> What was provided in discovery included a change from Mr. Efurd to the original e-mail to include the word you decided on the two-stage unit for cost difference, in essence making it look like Mr. Efurd was confirming that it was Mr. Zotti that decided on this unit that now isn't working when, in fact, the actual e-mail sent on January 9th stated that we decided on stage-two for the cost difference.

The circuit court also acknowledged counsel's argument that "we" meant both of the parties, but noted that it contradicted the affidavit of Paschal's president, Charley Boyce:

> So, it's clear to the Court that the plaintiff's entire defense of the Counterclaim and really to support its own claim in its Complaint—in the plaintiff's Complaint— position was that Mr. Zotti, to save money, chose the wrong unit against the recommendation of the plaintiff and, therefore, that's why it's not working correctly now.

The circuit court further considered the fact that Paschal never updated its discovery response to admit the fraudulent e-mail and supplement with the other copies of the e-mail.

The circuit court considered Paschal's multiple explanations for the fraudulent email:

> It wasn't until they were called out on it in the Motion for Sanctions after counsel for defendant discovered that he has a copy of the original that included the word we instead of you, that they then try to explain—as Mr. Wales stated—different reasons; one, we–we didn't want to waste paper, so we just produced one copy; our search functions weren't working. And then, now, Mr. Heffley is arguing that it was somehow customer service not to blame the customer. I mean, it—it truly does make no sense.

The circuit court concluded that Paschal's shifting explanations had reached "the point of absurdity" and found "there really is no way to spin this. The plaintiff changed an e-mail. It was really the material part of the entire case and represented it to be an actual e-mail exchange between the parties."

5

Moreover, the circuit court highlighted the reasons why truthfulness in discovery is essential to the entire court system, emphasizing that "the system is based on having confidence in the discovery process" and "it doesn't work when either side is untruthful and attempts to perpetuate a fraud on the Court, which the Court finds in this case is exactly what the plaintiff has done." In addition to the court's thoughtful consideration of the facts presented in the motion for sanctions, the circuit court also carefully considered the relevant legal authority. Consequently, on the basis of our precedent, we hold its decision was well within its discretion.

Our supreme court has repeatedly upheld the circuit court's exercise of discretion in fashioning severe sanctions for flagrant discovery violations. *Coulson Oil Co. v. Tully*, 84 Ark. App. 241, 251–52, 139 S.W.3d 158, 164 (2003) (citing *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998)). "There is no requirement under Rule 37, or any of our rules of civil procedure, that the [circuit] court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with the discovery requirements." *Calandro*, 333 Ark. at 608, 970 S.W.2d at 799.

In its ruling in the present case, the circuit court cited *Coulson Oil*, *supra*, and noted the language that deliberately untrue responses to discovery are worse than an outright refusal to answer. *Coulson Oil*, 84 Ark. App. at 251–52, 139 S.W.3d at 164. Dishonest responses prevent the party seeking discovery from learning the true situation. *Id*.

The circuit court recited that where an e-mail on a material fact in dispute was altered, then provided in discovery, and never retracted until the motion for sanctions, the striking of Paschal's complaint and Paschal's answer to Zotti's counterclaim was necessary

given Paschal's conduct. Paschal attempts to downgrade the falsified e-mail to merely an "omission or misleading statement." But on its face, Paschal produced what purported to be a January 9, 2019 e-mail to Zotti from Efurd, a Paschal employee, when, in fact, that e-mail was not true and correct. A key word had been changed. There is no dispute—Paschal admitted the alteration to the e-mail.

In *Coulson Oil*, *supra*, Coulson completely mischaracterized what actually happened. Coulson did not fail to respond to requests for discovery—it unequivocally responded, denying any responsibility for the maintenance and repair of the tank covers. However, the circuit court made express findings of fact that Coulson had lied and that it had supplied the correct information only because its lies had been discovered. Coulson did not act on its own initiative to supplement incorrect information that it had provided in good faith; according to the circuit court, it got caught lying, and then produced accurate information. *Coulson Oil*, 84 Ark. App. at 251, 139 S.W.3d at 164. A similar fact pattern emerged here. Paschal "corrected" the fraudulent email only after it got caught lying.

Arkansas Rule of Civil Procedure 37(d) provides that sanctions may be imposed for failure to respond to interrogatories or other discovery requests without an order compelling production as a prerequisite. *Id*. "The supreme court has upheld the imposition of Rule 37(d) sanctions in the absence of a prior order to compel production where a defendant has failed to answer interrogatories or otherwise failed to comply with discovery." *Id*. at 254, 139 S.W.2d at 166 (citing *Cook v. Wills*, 305 Ark. 442, 808 S.W.2d 758 (1991)).

On appeal, Paschal complains it had no opportunity to respond to supplemental discovery requests because Zotti "rushed to file its motion for sanctions." However, Paschal

had an ongoing duty to supplement discovery under Arkansas Rules of Civil Procedure 37(e) and 26(e), and for over nine months failed to correct its "mistake" in turning over a falsified e-mail while at the same time not disclosing the true and correct e-mail. Given the record before us, we hold that the circuit court did not abuse its discretion by imposing sanctions.

Paschal's final appellate point is that the circuit court abused its discretion by awarding attorney's fees "unrelated to the discovery violation." Paschal argues that the circuit court could only award fees related to the discovery dispute. In doing so, Paschal makes no mention of the separate statutory basis for attorney's fees that the circuit court applied.

Zotti has moved to dismiss this appellate point because Paschal has voluntarily paid the attorney's-fee award it is appealing without any reservation of rights. Our supreme court has held that voluntary payment of a judgment waives the right to appeal the judgment. *See City of Little Rock v. Cir. Ct. of Pulaski Cnty.*, 2017 Ark. 219; *see also Hall v. Hall*, 2012 Ark. 429. Because Paschal paid the attorney's fees in full, we accordingly dismiss Paschal's third appellate point as moot.

Here, the circuit court thoroughly and thoughtfully assessed the facts and Paschal's shifting explanations for producing the fraudulent e-mail, and it assessed the credibility of those explanations, finding them lacking. The circuit court also reviewed the legal standards under Rule 37 and controlling authority that support a circuit court's wide discretion in fashioning sanctions for discovery violations. For all the foregoing reasons, we affirm.

Affirmed in part; dismissed in part.

VIRDEN, J., agrees.

8

HIXSON, J., concurs without opinion.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *L. Kyle Heffley*, for appellant.

*Cullen & Co.,* PLLC, by: *Tim Cullen*, for appellee.